IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MATTHEW GREGORY BASHORE, II <br> and ANGELA CHRISTINE BASHORE <br> <br> v. <br> <br> BANK OF AMERICA, COUNTRYWIDE <br> HOME LOANS, INC., MORTGAGE <br> ELECTRONIC REGISTRATION <br> SYSTEMS, INC., BARRETT DAFFIN <br> FRAPPIER TURNER & ENGEL, LLP, <br> NATIONAL DEFAULT EXCHANGE, LP, <br> LITTON LOAN SERVICING, <br> DYCK-O'NEAL, INC., TRAVELERS <br> CASUALTY & SURETY COMPANY <br> OF AMERICA, EXPERIAN INFORMATION <br> SOLUTIONS, INC., COMPUTER <br> SCIENCES CORPORATION and <br> TRANSUNION CORPORATION | § <br> § <br> § <br> § Case No. 4:11cv93 <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**REPORT AND RECOMMENDATIONS OF**
**UNITED STATES MAGISTRATE JUDGE**

On February 24, 2011, pro se Plaintiffs filed a Verified Application for Temporary Restraining Order and Request for Temporary and Permanent Injunctive Relief (Dkt. 2) in this matter. In the motion, Plaintiffs seek the issuance of an ex parte temporary restraining order. On March 3, 2011, the Court issued an order directing Plaintiffs to comply with Rule 65's requirements before it would consider the relief requested. Then, on March 7, 2011, Plaintiffs filed their First Amended Verified Application for Temporary Restraining Order and Request for Temporary and Permanent Injunctive Relief (Dkt. 16). Plaintiffs again seek the issuance of an ex parte temporary restraining order.

1

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders.[1] Under that Rule, this Court may issue an ex parte temporary restraining order under very limited circumstances.

> (b) **Temporary Restraining Order.**
>
> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

Here, Plaintiffs have not provided any specific facts regarding what immediate and irreparable injury they claim they will suffer if a temporary restraining order is not issued without notice. In fact, while Plaintiffs' claims appear to arise out of a foreclosure sale which occurred in November 2007, the harm they currently face is unclear to the Court. Moreover, there is no indication in the record that Plaintiffs have made any efforts to contact Defendants about the relief requested. As to why notice should not be required, Plaintiffs have only provided the explanation that "[t]here is not enough time to serve notice on the defendants and to hold a hearing on this application because more time will only immediately and irreparably further injure the Bashores' character, credibility, reputation, and personal and financial livelihood." Dkt. 16 at 2. Again,

---

[1] The Court notes that Plaintiffs have referenced Chapter 65 of the Texas Civil Practice and Remedies Code in their motion. Such state statutory provision is not relevant to this federal proceeding.

exactly what harm Plaintiffs are threatened with has not been specifically stated. To be entitled to a temporary restraining order, as Plaintiffs request here, a movant must describe the injury and state why it is irreparable. FED. R. CIV. P. 65(b)(2). *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439, 94 S. Ct. 1113, 1124 (1974) ("Ex parte temporary restraining orders are no doubt necessary in certain circumstances, under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). Plaintiffs' motions do not meet the requirements of issuing a temporary restraining order without notice and should therefore be DENIED.

Because Plaintiffs' motions fail to state with specificity the economic and personal harm they allege they face, how Defendants are related to this threatened harm, and what specific actions Plaintiffs seek to restrain, the Court finds that, based on the record currently before it, Plaintiffs' requests for preliminary and permanent injunctive relief should also be DENIED. A plaintiff seeking injunctive relief must show:

(1) a substantial likelihood of success on the merits,

(2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted,

(3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and

(4) that the injunction will not disserve the public interest.

*Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA,*

*Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The party requesting injunctive relief bears the burden to prove all four requirements. *Palmer*, 579 F.3d at 506. Plaintiffs have not satisfied their burden at this time.

If, after Defendants have been served and appear herein, Plaintiffs seek to re-urge a request for injunctive relief that fully complies with the procedural and substantive requirements of Rule 65 and its progeny, the Court will consider their request at that time. At this time, however, Plaintiffs' Verified Application for Temporary Restraining Order and Request for Temporary and Permanent Injunctive Relief (Dkt. 2) and Plaintiffs' First Amended Verified Application for Temporary Restraining Order and Request for Temporary and Permanent Injunctive Relief (Dkt. 16) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 24th day of March, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE